

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| IRIS BIOTECHNOLOGIES, INC., <br><br> Appellant, <br><br> v. <br><br> HELLER EHRMAN LLP, <br><br> Appellee. | No. 13-16827 <br><br> D.C. No. 3:12-cv-06232-JSW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted November 17, 2015[**]
San Francisco, California

Before: FERNANDEZ and M. SMITH, Circuit Judges, and MORRIS,[***] District
Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Brian M. Morris, District Judge for the U.S. District
Court for the District of Montana, sitting by designation.

Heller Ehrman LLP (Heller) filed for bankruptcy on December 28, 2008. The bankruptcy court set April 27, 2009, as the claims bar date—the deadline to file a proof of claim against the bankruptcy estate. More than three years after that date, Iris Biotechnologies, Inc., (Iris) moved the bankruptcy court to permit it to file a late proof of claim against Heller. The bankruptcy court denied Iris's motion, holding that its delay did not constitute "excusable neglect" under Federal Rule of Bankruptcy Procedure 9006(b)(1). On appeal, Iris argues that the bankruptcy court abused its discretion. Because the bankruptcy court applied the correct legal standard to well-supported findings of fact, we affirm.

**1.** Iris argues that under *Zilog, Inc. v. Corning (In re Zilog, Inc.)*, 450 F.3d 996 (9th Cir. 2006), before a bankruptcy court may analyze whether a late-filing claimant's neglect is "excusable," it must first determine whether the claim was within the claimant's "fair contemplation" as of the claims bar date. Iris is mistaken. The fair-contemplation test applies when determining whether a debt was *discharged*. *See Zilog*, 450 F.3d at 1000. The bankruptcy code provides that a debt may be discharged if it "arose" before the date a reorganization plan was confirmed. 11 U.S.C. § 1141(d)(1)(A). *Zilog* merely reaffirmed and elaborated upon the long-recognized doctrine that a claim arises in this context "once it is

within the claimant's 'fair contemplation.'" 450 F.3d at 1000-01 (quoting *Cal. Dep't of Health Servs. v. Jensen (In re Jensen)*, 995 F.2d 925, 930 (9th Cir. 1993)).

Here, the bankruptcy court did not hold that Iris's claim was discharged, and Iris does not argue that its claim was not discharged. Rather, Iris argues that its delay in filing its proof of claim should be *excused* under Rule 9006(b)(1). Whether a delay is excusable under Rule 9006(b)(1) is analyzed using four factors enunciated in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*: "[1] the danger of prejudice to the debtor, [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." 507 U.S. 380, 395 (1993); *see also Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004). (We note that the third of these factors encompasses many of the same concerns as the fair-contemplation test.) The bankruptcy court rightly applied this test to determine whether Iris's neglect was excusable.

**2.** Iris argues that the bankruptcy court's application of the excusable-neglect test to the facts was an abuse of discretion. Iris is mistaken. The court gave the heaviest weight to the third factor—the reason for the delay—and determined that Iris had more than enough notice that it might have a claim and sat on its rights for

3

no good reason. The purported malpractice took place in March and October 2008. The latest date at which Iris discovered it was August 2011. Iris had several previous opportunities at which discovery ought to have occurred, such as the July 2009 letter informing Iris that Heller had elected to dissolve and wind up its operations and disengage from all patent and trademark matters. Even crediting the August 2011 date, however, Iris waited an entire year to file its proof of claim. The bankruptcy court observed that had Iris attended to its own interests sooner, even after the claims bar date, it might have granted Iris's motion. But on these facts, the bankruptcy court held that Iris's neglect was not excusable.

The bankruptcy court analyzed all four factors of the excusable-neglect test and based its decision on factual findings that are amply supported by the record. The bankruptcy court did not abuse its discretion. The district court's judgment is therefore

**AFFIRMED.**